UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian K. Hall, #261653,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Librarian M. H. McCabe; Principal Mr. Morrow,<br><br>　　　　　　Defendants.<br>_____ | ) C/A No. 8:11-1317-TLW-JDA<br>)<br>)<br>)<br>) **REPORT AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff, Brian K. Hall ("Plaintiff"), is a state prisoner in the South Carolina Department of Corrections' ("SCDC's") Tyger River Correctional Institution (TRCI) in Enoree, South Carolina. He is proceeding *pro se* and *in forma pauperis*. Plaintiff files this action using a state prisoner complaint form, naming TRCI Librarian M. H. McCabe and Principal Mr. Morrow as Defendants. Plaintiff's Complaint, in which he seeks compensatory damages and injunctive relief, is liberally construed as an attempt to assert a claim under 42 U.S.C. § 1983 for alleged violation of Plaintiff's due process rights, based on the manner in which his November 15, 2010 prison disciplinary hearing was conducted, and the sanctions imposed on Plaintiff after he was found guilty of the disciplinary violation.[1]

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using their badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v.*

1

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned United States Magistrate Judge is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the District Court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

### **DISCUSSION**

Plaintiff's Complaint alleges that Defendant Librarian M.H. McCabe falsely accused him of masturbating in public, and that she and the Defendant Principal Mr. Morrow charged Plaintiff with a disciplinary violation, of which he was found guilty at a disciplinary hearing, on November 15, 2010. Plaintiff alleges that "hearing officer Mr. R.L. Turner had

---

*Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

found me guilty saying that Mrs. M.H. McCabe testimony report was true and he had gave me 360 day disciplinary detention[,] 540 days [loss of] property, canteen, telephone, visitation privileges for 540 days." ECF No. 1, p. 4. Plaintiff asks that he and Defendant McCabe be administered "lie detective tests," and that the Court:

> re-evaluate the current SCDC 854 charge and sentencing guide and go by the policy and have SCDC make changes so that officers will have to have more facts when charging an inmate with a 854 not just what they think they saw but undisputable facts. And not give inmates more time for 854 charges and not put them in pink jump suits. It is discrimination for all SCDC inmates males and females to be put in a pink jump suit for a year or 2 years. . . . I would also like for SCDC to give me back my MOIB custody that I had lost. And I would like for the court to tell SCDC I want them to pay me back for all of the time and times I was on lock-up.

ECF No. 1, p. 5. Plaintiff alleges that his request for a "lie detective test" [sic] was denied, before and after his disciplinary hearing. He alleges that "the 854 Exhibitionism and Public Masturbation is having to do with the inmates canteen, telephone, visitation, and custody level, and work credits[,] keeping them to stay more in prison." ECF No. 1, p. 7.

It was not clear on the face of Plaintiff's Complaint whether the punishment imposed on Plaintiff after he was found guilty of the disciplinary violation implicated a constitutionally protected liberty interest. Therefore, Special Interrogatories were prepared for Plaintiff to answer as one of the requirements of a proper form order issued by the undersigned on June 10, 2011. *See* ECF No. 8. Plaintiff brought the case into proper form and filed his Answers to the Court's Special Interrogatories on July 6, 2011. *See* ECF No. 12. In response to question one (1) of the Special Interrogatories, *i.e.* "What punishment or sanction(s) did you receive as a result of your disciplinary hearing conviction on November 15, 2010?", Plaintiff states: "360 days disciplinary detention; canteen, telephone, visit: 540 days for 854 Exhibitionism and Public Masturbation." ECF No. 12, p. 1.

3

Although both state and federal prisoners retain many constitutional rights, incarceration inherently limits certain constitutional rights of prisoners. When a person is lawfully convicted and confined to jail, he or she loses a significant interest in his or her liberty for the period of the sentence. *See Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). In the instant case, Plaintiff's Complaint fails to state a claim on which relief may be granted by this Court because the alleged violation of due process at Plaintiff's disciplinary hearing did not constitute a violation of the limited due process rights to which a prisoner such as Plaintiff is entitled at a prison disciplinary hearing. Moreover, even if Plaintiff's limited right to due process had been violated by the manner in which the disciplinary hearing was conducted, Plaintiff suffered no resulting loss of any constitutionally protected liberty interest, such as an inmate's "good-time" credits, or the imposition on Plaintiff of an atypical and significant hardship in relation to the ordinary incidents of prison life.

Under *Wolff v. McDonnell*, 418 U.S. 539 (1974) minimal due process is required when a prisoner's good time credits are taken away, *i.e.* (1) 24 hours advance written notice of charges; (2) written statement by factfinder as to evidence relied upon; (3) written statement by factfinder as to reason for disciplinary action taken; (4) opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals[2] ; (5) counsel substitute if inmate is

---

[2] Plaintiff's claim that the disciplinary hearing officer ("DHO") violated his rights by denying his request for a lie detective [sic[ test does not state a plausible Fourteenth Amendment procedural due process violation either. Plaintiff does not have a constitutional right to a polygraph test, nor does Plaintiff have an unqualified constitutional right to call/confront witnesses at a prison disciplinary proceeding. "Prison officials must have the necessary discretion to keep the hearing within

illiterate or case is complex; (6) impartial hearing tribunal. *See O'Bar v. Pinion*, 953 F.2d 74 (4th Cir. 1991), *Al-Shabazz v. State*, 338 S.C. 354, 527 S.E. 2d 742 (2000). However, under *Sandin v. Conner*, 515 U.S. 472, 484 (1995), such limited right of due process is required only in an inmate disciplinary action that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," which, in this circuit, has been held *not* to include: disciplinary detention; segregated confinement; loss of prison job[3]; denial of permission to participate in work release[4], or loss of canteen, visitation, and phone privileges.[5] Assignment to disciplinary or administrative segregation does not implicate Fourteenth Amendment due process rights, and segregation is not *per se* cruel and unusual punishment under the Eighth Amendment. *See Allgood v. Morris*, 724 F.2d 1098, 1101 (4th Cir. 1984) (segregated protective custody); *Ross v. Reed*, 719 F.2d 689, 697 (4th Cir. 1983) (administrative segregation). Under the United States Supreme Court's decision in *Sandin*, no constitutionally protected liberty interest is

---

reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit their access to other inmates to collect statements or to compile other documentary evidence." *Wolff*, 418 U.S. at 566; *see also Brown v. Braxton*, 373 F.3d 501, 505 (4th Cir. 2004).

[3] *See Williams v. Farrior*, 334 F. Supp. 2d 898, 904 & n.9 (E.D. Va. 2004).

[4] *See Kitchen v. Upshaw*, 286 F.3d 179, 189 (4th Cir. 2002)

[5] *See United States v. Alkire*, No. 95-7885, 1996 U.S. App. LEXIS 7021, 1996 WL 166400, at *1 (4th Cir. Apr. 10, 1996) (no constitutional right to the use of a phone while in prison); *Goodwin v. Schwartz,* C/A No. 8:10-1760-CMC-BHH, 2010 U.S. Dist. LEXIS 91504 at *4 (D.S.C. Aug. 11, 2010) adopted by, dismissed without prejudice by *Goodwin v. Schwartz*, 2010 U.S. Dist. LEXIS 91506 (D.S.C., Sept. 1, 2010) (canteen access is not a protected liberty interest); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (an inmate's commissary restrictions "do not implicate due process concerns")); *White v. Keller*, 438 F. Supp. 110, 115 (D. Md. 1977) ("there is no constitutional right to prison visitation").

implicated in Plaintiff's placement in disciplinary detention for 360 days, or in Plaintiff's loss of canteen, telephone, and visitation privileges for 540 days. *See Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997); *Reffitt v. Nixon*, 917 F. Supp. 409, 413 (E.D. Va. 1996). Additionally, the Fourth Circuit has stated that "[t]he duration of an inmate's stay in segregation is not controlling on the issue of cruel and unusual punishment, even when that duration is quite long." *Ross v. Reed*, 719 F.2d 689, 697 (4th Cir. 1983). Consequently, Plaintiff Complaint fails to state a claim on which relief may be granted by this Court.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss Plaintiff's Complaint, without prejudice and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams,* 490 U.S. 319 (1989); *; Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page

s/Jacquelyn D. Austin

Jacquelyn D. Austin
United States Magistrate Judge

July 8, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).